1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8
9
10

| | |
|---|---|
| COREY CARTER PATE McLELLAN, | ) 1:12-cv—00685-SKO-HC |
| | ) |
| Petitioner, | ) ORDER DISMISSING THE PETITION FOR |
| | ) WRIT OF HABEAS CORPUS |
| | ) |
| v. | ) ORDER DECLINING TO ISSUE A |
| | ) CERTIFICATE OF APPEALABILITY AND |
| FRESNO SUPERIOR COURT, | ) DIRECTING THE CLERK TO CLOSE THE |
| | ) ACTION |
| Respondent. | ) |
| | ) |
| | ) |

        Petitioner is a state prisoner proceeding pro se and in
forma pauperis with a petition for writ of habeas corpus pursuant
to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1),
Petitioner has consented to the jurisdiction of the United States
Magistrate Judge to conduct all further proceedings in the case,
including the entry of final judgment, by manifesting consent in
signed writings filed by Petitioner on May 7 and 10, 2012 (docs.
4-5).  Pending before the Court is the petition, which was filed
on May 1, 2012.

        I.  Screening the Petition

        Rule 4 of the Rules Governing § 2254 Cases in the United

1

States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Here, Petitioner, an inmate of the Fresno County Jail, alleges that he is proceeding pro se in defending criminal

2

charges involving possession of controlled substances and assault upon the officers who arrested him.  Petitioner alleges that he swallowed drugs, and then police officers planted drugs on him and charged him with assaulting them.  (Pet. 1-3.)  Petitioner's case is at the pretrial stage; after a preliminary hearing, he was apparently held to answer, and his demurrer to the accusation was overruled.  Petitioner has filed an appeal from the ruling on his demurrer.  (Id. at 2-5.)

In his petition, Petitioner raises the following claims concerning his pretrial proceedings:  1) the state trial court failed to "produce Article III Jurisdiction" (id. at 3), 2) the trial court's denial of the demurrer was contrary to Article III of the Constitution as well as Article III § 1 of the California Constitution, 3) the failure of one of the officers to appear and testify at the preliminary hearing violated Petitioner's right to confront his accusers guaranteed by the Sixth and Fourteenth Amendments, 4) the exclusion of photographs of Petitioner's injuries from evidence at the preliminary hearing violated his rights under the Sixth and Fourteenth Amendments, 5) the stop and searches of Petitioner were discriminatory, and 6) the absence of any grand jury process violated his constitutional right to a grand jury.  (Id. at 3-5.)

II.  Abstention

Generally the writ of habeas corpus will not extend to one awaiting trial unless special circumstances exist such that there is an absence of state processes effective to protect a federal right.  See Ex parte Royall, 117 U.S. 241, 245-254 (1886); Fay v. Noia, 372 U.S. 391, 420 (1963), overruled in part by Wainwright

3

1  v. Sykes, 433 U.S. 72 (1977) and Coleman v. Thompson, 501 U.S.

2  722 (1991).  Federal courts will not interfere with pending state

3  criminal proceedings unless the petitioner has exhausted all

4  state court remedies with respect to the claim raised.  See

5  Mannes v. Gillespie, 967 F.2d 1310, 1311-1312 (9th Cir. 1992).

6      Further, a federal court generally will not enjoin or

7  directly intercede in ongoing state court proceedings absent the

8  most unusual circumstances.  Younger v. Harris, 401 U.S. 37

9  (1971); Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972).

10  Federal courts will abstain if the state proceeding 1) is

11  currently pending, 2) involves an important state interest, and

12  3) affords the petitioner an adequate opportunity to raise

13  constitutional claims.  Middlesex County Ethics Committee v.

14  Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).  This principle

15  has been applied to collateral attacks on criminal convictions;

16  federal habeas corpus does not lie, absent special circumstances,

17  to adjudicate the merits of a state criminal charge prior to a

18  judgment of conviction by a state court.  Braden v. 30th Judicial

19  Circuit Court of Kentucky, 410 U.S. 484, 489 (1973).  It also

20  applies to prevent a federal court from interference during the

21  time a case is on appeal in the state courts.  New Orleans Pub.

22  Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 369

23  (1989).

24      Here, Petitioner admits that criminal proceedings are

25  pending at the pretrial stage.  Further, the proceedings involve

26  the important state interest of not having a federal court

27  interfere in ongoing state criminal proceedings.  Cf., Dubinka v.

28  Judges of Superior Court of State of Cal. for County of Los

4

1  <u>Angeles</u>, 23 F.3d 218, 223 (9th Cir. 1994) (recognizing the

2  important interest of a state not to have federal courts

3  intervene, in advance of a state criminal trial, to resolve

4  isolated and individualized trial issues such as the

5  admissibility of evidence, and citing <u>Kugler v. Helfant</u>, 421 U.S.

6  117, 129-31 (1975) and other cases declining to permit analogous

7  piecemeal intervention).

8  Finally, Petitioner himself is proceeding with an appeal of

9  the ruling on the demurrer.  The petition itself demonstrates

10 that Petitioner has access to processes in which he may raise his

11 constitutional issues.  These include the pending appeal of the

12 ruling on the demurrer, all other generally available pretrial

13 and trial processes, and, if Petitioner is convicted, the

14 appellate process in the state appellate courts.  Thus, it

15 appears that Petitioner has an adequate opportunity to raise his

16 constitutional claims.

17 The Court need not abstain if there are extraordinary

18 circumstances, such as when the state court proceedings were

19 undertaken for bad faith or for purposes of harassment, or where

20 the statute defining a criminal offense at issue is "flagrantly

21 and patently violative of express constitutional prohibitions."

22 <u>Dubinka</u>, 23 F.3d at 25; <u>see</u>, <u>Lebbos v. Judges of Superior Court,</u>

23 <u>Santa Clara County</u>, 883 F.2d 810, 816 (9th Cir. 1989).

24 Here, there are no allegations concerning the invalidity or

25 unconstitutionality of the statutes pursuant to which Petitioner

26 is being prosecuted.

27 Petitioner does generally allege that unspecified law

28 enforcement officers planted drugs on him.  However, he also

5

1  admits that he previously swallowed (and thus possessed) drugs,

2  and he does not deny that he assaulted the officers.  Petitioner

3  does not present a record of the evidence presented at the

4  preliminary hearing or otherwise detail the facts and

5  circumstances surrounding the events that resulted in his

6  prosecution.  Petitioner does allege generally that his being

7  stopped and searched was discriminatory; however, he states no

8  specific facts that would support an inference of discrimination.

9  Under these circumstances, no inference of bad faith or improper

10 purpose is warranted.

11      The court concludes that Petitioner has not established that

12 any exception to the <u>Younger</u> abstention doctrine is applicable in

13 this case, and it will, therefore, abstain from considering

14 Petitioner's petition.

15      Where the <u>Younger</u> abstention doctrine applies, it is

16 appropriate to dismiss the action.  <u>See</u>, <u>Gibson v. Berryhill</u>, 411

17 U.S. 564, 577 (1973).  The action will thus be dismissed.  The

18 dismissal of the petition will be without prejudice because the

19 Court has not addressed the merits of the action.  <u>Cf.</u>, <u>In re</u>

20 <u>Hall, Bayoutree Associates, Ltd.</u>, 939 F.2d 802, 804 (9th Cir.

21 1991); <u>Beltran v. California</u>, 871 F.2d 777, 782 (1988).

22      III.  <u>Certificate of Appealability</u>

23      Unless a circuit justice or judge issues a certificate of

24 appealability, an appeal may not be taken to the Court of Appeals

25 from the final order in a habeas proceeding in which the

26 detention complained of arises out of process issued by a state

27 court.  28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537

28 U.S. 322, 336 (2003).  A certificate of appealability may issue

only if the applicant makes a substantial showing of the denial
of a constitutional right.  § 2253(c)(2).  Under this standard, a
petitioner must show that reasonable jurists could debate whether
the petition should have been resolved in a different manner or
that the issues presented were adequate to deserve encouragement
to proceed further.  <u>Miller-El v. Cockrell</u>, 537 U.S. at 336
(quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).  A
certificate should issue if the Petitioner shows that jurists of
reason would find it debatable whether the petition states a
valid claim of the denial of a constitutional right and that
jurists of reason would find it debatable whether the district
court was correct in any procedural ruling.  <u>Slack v. McDaniel</u>,
529 U.S. 473, 483-84 (2000).

     In determining this issue, a court conducts an overview of
the claims in the habeas petition, generally assesses their
merits, and determines whether the resolution was debatable among
jurists of reason or wrong.  <u>Id.</u>  It is necessary for an
applicant to show more than an absence of frivolity or the
existence of mere good faith; however, it is not necessary for an
applicant to show that the appeal will succeed.  <u>Miller-El v.
Cockrell</u>, 537 U.S. at 338.

     A district court must issue or deny a certificate of
appealability when it enters a final order adverse to the
applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

     Here, it does not appear that reasonable jurists could
debate whether the petition should have been resolved in a
different manner.  Petitioner has not made a substantial showing
of the denial of a constitutional right.

1    Therefore, the Court will decline to issue a certificate of
2    appealability.

3        IV.   Disposition

4        Accordingly, it is ORDERED that:

5        1)   The petition for writ of habeas corpus is DISMISSED
6    without prejudice; and

7        2)   The Court DECLINES to issue a certificate of
8    appealability; and

9        3)   The Clerk is DIRECTED to close the case because this
10   order of dismissal terminates the action.

11

12   IT IS SO ORDERED.

13   **Dated:    June 5, 2012**                    /s/ Sheila K. Oberto
14                                        UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28